UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUSTIN CREDICO, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NAVARRETE Officer, ) <br> CITY OF CARMEL, ) <br> ) <br> Defendants. ) | No. 1:24-cv-01194-SEB-TAB |

**Order Dismissing Action without Prejudice**

Plaintiff Justin Credico was incarcerated in the Hamilton County Jail when he filed this civil rights complaint in state court. Defendants subsequently removed the case to this Court. Dkt. 1. Pending before the Court is Defendants' motion to dismiss for failure to state a claim, dkt. 18, in addition to other motions. For the following reasons, that motion is **granted**, and this action is **dismissed without prejudice**.

**I.     Factual and Procedural Background**

The Court takes judicial notice of the state court proceedings in this matter when discussing the factual and procedural background. *See Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (noting court may judicially notice state court records when ruling on a motion to dismiss).

On May 4, 2024, Officer Navarrete spoke to complaining witness Travis Arnold about an encounter Mr. Arnold had with Mr. Credico in a Dollar Tree parking lot. Dkt. 15-1 at p. 1, ¶¶ 3–4. Mr. Arnold said Mr. Credico yelled at him after he exited a vehicle with his family. *Id*. Mr. Arnold also said Mr. Credico pointed what Mr. Arnold believed was a black handgun at him as Mr. Credico yelled at him. *Id*.

Officer Navarrete noted Mr. Arnold's claims in an Affidavit for Probable Cause filed in *State of Indiana v. Justin Credico*, Cause Number 29D05-2405-F5-003571. Dkt. 15-1 at 1–2. Hamilton County Deputy Prosecuting Attorney James Baldwin filed an Information charging Mr. Credico with intimidation and disorderly conduct in that case on May 6, 2024. Dkt. 15-2 at 1.

On June 6, 2024, Mr. Credico filed his complaint against Officer Navarrete and the City of Carmel in Hamilton County Circuit Court. Dkt. 1 at 1, ¶ 1. Mr. Credico's claims arise from damages that he allegedly suffered when he was falsely arrested and imprisoned in violation of the Fourth Amendment for charges that stem from Officer Navarrete's Affidavit for Probable Cause in Cause Number 29D05-2405-F5-003571. Dkt. 1-2 at 1–2. In the complaint, Mr. Credico alleges that he was employed as an assistant manager at the Dollar Store and was "minding his own business" in the Dollar Store parking lot when he was accosted by Mr. Arnold. Dkt. 1-2 at 3−6. Mr. Credico alleged that he had a right to display his pellet gun in self-defense against Mr. Arnold, especially because there were problems with clients harassing Dollar Store employees, but the police officers did not ask for his side of the story before arresting him. *Id.* at 7.

Mr. Credico claims that Officer Navarette and the City of Carmel caused him to suffer damages as a result of falsely arresting him. *Id*. at 9–12. He alleged further that the City of Carmel had a policy or practice of permitting their police officers to use a pre-filled template to fill out probable cause affidavits, and that this caused his wrongful arrest and imprisonment.

Defendants received a copy of Mr. Credico's complaint on June 17, 2024, and removed this case from state court on July 16, 2024. Dkt. 1 at 1, ¶ 2.

On July 18, 2024, Defendants filed motions asking the Court to screen Mr. Credico's complaint and stay these proceedings. Dkts. 8–9.

On August 7, 2024, Mr. Credico pleaded guilty to "Count 1, Intimidation, a Level 6 Felony, as a Lesser Included Offense under I.C. 35-45-2-1(a) and (b)" in Cause Number 29D05-2405-F5-003571. Dkt. 15-4 at 1. In his plea agreement, he "admit[ted] the truth of the facts alleged in the Charging Information for the charge[ ] to which he plead[ed] guilty." Dkt. 15-3 at 3, ¶ 4. Hamilton County Superior Court Judge David Najjar then issued an order sentencing Mr. Credico to serve 192 days in the Indiana Department of Correction. Dkt. 15-4 at 1. Judge Najjar gave Mr. Credico credit for 96 days he served in jail from May 4, 2024, to August 7, 2024, and 96 days of "good-time credit" when he sentenced Mr. Credico to serve 192 days, which resulted in the sentence being served. *Id*. Judge Najjar granted a motion to dismiss the disorderly conduct and ordered Mr. Credico to be released from custody on all charges brought in Cause Number 29D05-2405-F5-003571. *Id*. Mr. Credico was then released from custody. *See* Dkt. 17.

This Court granted Defendants' motion to stay the filing of an answer until it screened the complaint. Dkt. 24. However, because the screening standard under 28 U.S.C. § 1915A is the same standard as a motion to dismiss, and the motion to dismiss has been briefed by the parties, the Court will bypass screening and rule on the ripe motion to dismiss.

## II.     Motion to Dismiss Standard

To survive a motion to dismiss, a complaint need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the sufficiency of a complaint, the Court must accept all well-pled facts as true and draw all permissible inferences in the plaintiff's favor. *See Tucker v. City of Chicago*, 907 F.3d 487, 491 (7th Cir. 2018).

Under Federal Rule of Evidence 201(b)(2), the court may "take judicial notice of facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022) (cleaned up). "It's well established that judges may take judicial notice of matters of public record when ruling on a motion to dismiss." *Id*. "And taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment." *Id*. (cleaned up).

### III.    Discussion

In *Heck v. Humphrey*, 512 U.S. 477, 486 (1994), the Supreme Court held that a plaintiff may not bring a suit for damages under 42 U.S.C. § 1983 if "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" To bring a claim under § 1983 in these circumstances, a "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.*

"Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015); *see also Norris v. Serrato*, 761 F. App'x 612, 615 (7th Cir. 2019) (the existence of probable cause precludes section 1983 claims "for an allegedly unreasonable seizure, whether a false arrest or a wrongful pretrial detention"). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006). "[T]he testimony of a single, impartial eyewitness is sufficient to support probable cause[.]" *Bailey*, 779 F.3d at 694.

Here, Mr. Credico must prove he was arrested and imprisoned in the absence of probable cause to prevail on his Fourth claims against Defendants, including for claims brought pursuant to *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). Mr. Credico's allegations challenge whether Officer Navarette had probable cause to arrest Mr. Credico for intimidation, or whether Mr. Credico was the victim. Dkt. 1-2 at 3−7. But these allegations are inconsistent with the validity of his conviction and sentence for intimidation in Cause Number 29D05-2405-F5-003571. Mr. Credico's plea agreement explicitly provided that he admitted to the truth of the allegations as presented in the charging information. Dkt. 15-3 at 3, ¶ 4. His claims, then, are barred by *Heck*.

Mr. Credico opposes the motion to dismiss based on the fact that he has filed a post-conviction petition in state court. Dkt. 20 at 2 ("[D]ismissal fails to take into consideration that plaintiff in the state case has an accepted and pending PCR (the PCR was so good it wasn't even summarily dismissed)[.]"). But all a pending post-conviction petition demonstrates is that Mr. Credico is still challenging this conviction; not that his conviction has been overturned. Accordingly, Defendants' motion to dismiss, dkt. [18], is **granted**, and Mr. Credico's claims are **dismissed without prejudice**. *See Morgan v. Schott*, 914 F.3d 1115, 1122 (7th Cir. 2019) (noting that because there is the possibility of future state-court proceedings, *Heck* claims must be dismissed without prejudice).

### IV.    Other Pending Motions

Mr. Credico's motion to join the Hamilton County Sheriff's office seeks to amend his complaint to add allegations that he was prevented from filing a habeas petition while he was a pretrial detainee at the Hamilton County Jail because jail employees refused to provide him a form. Dkt. 13. Federal Rule of Civil Procedure 18 permits a plaintiff to bring in one lawsuit every claim he has against a single defendant. Fed. R. Civ. P. 18(a). However, to join multiple defendants in a

single action, Rule 20 requires that the plaintiff assert at least one claim against all of them "arising out of the same transaction, occurrence, or series of transactions or occurrences" and that "any question of law or fact common to all defendants will arise in the action." *Id*. 20(a)(2). An access-to-court claim is legally distinct from a wrongful arrest claim. Nor do Defendants overlap. Accordingly, the motion to join these claims, dkt. [13], is **denied**.

Mr. Credico's motion to stay these proceedings while his post-conviction petition is pending, dkt. [16], is **denied**. If Mr. Credico succeeds in overturning his conviction through his post-conviction proceedings, he may refile this complaint, as all claims are being dismissed without prejudice. *See Johnson v. Winstead*, 900 F.3d 428, 431 (7th Cir. 2018) (previously *Heck*-barred claims do not accrue until conviction has been overturned).

Mr. Credico's motion for leave for service via email because he is currently unhoused, dkt. [17], is **granted**. The **clerk is directed** to add Mr. Credico's email address—jmc31337@gmail.com—to the docket and to the list of email addresses that receive electronic notification in this case. Mr. Credico will not receive hard copies of the Court's orders via the United States Mail; he will receive notice only via email. However, once Mr. Credico finds housing, he must provide an updated address with the Court within 10 days.

### V.     Conclusion

Because Mr. Credico's claims imply that his arrest and detention for intimidation were unlawful, his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Defendants' motion to dismiss, dkt. [18], is **granted**, and the claims are **dismissed without prejudice** for failure to state a claim upon which relief can be granted.

Mr. Credico's motion for leave for service via email because he is currently unhoused, dkt. [17], is **granted**. The **clerk is directed** to remove Hamilton County Jail as Mr. Credico's mailing

address and to add Mr. Credico's email address—jmc31337@gmail.com—to the docket and to the list of email addresses that receive electronic notification in this case.

Mr. Credico's other pending motions, dkts. [13] and [16], are **denied**.

Final judgment consistent with this Order shall enter.

**IT IS SO ORDERED.**

Date: 3/5/2025

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JUSTIN CREDICO
jmc31337@gmail.com

All Electronically Registered Counsel